FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2023 JAN 25 PM 5:28

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 2:23-cr-10-SPC-NPM
18 U.S.C. § 922(g)(1)
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)

LOUIS MICHAEL PASQUAZZI

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 12, 2022, in the Middle District of Florida, the defendant,

LOUIS MICHAEL PASQUAZZI,

knowing that he had been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. *Conspiracy to Possess with Intent to Distribute Cocaine* and *Possession with Intent to Distribute Cocaine*, on or about March 22, 1996; and

2. *Aggravated Battery with a Firearm*, on or about July 26, 1996; and

3. *Sale or Delivery of Cocaine* and *Possession of Cocaine*, on or about September 22, 1999; and

4. *Criminal Mischief $1,000 or More*, on or about November 25, 2003; and

5. *Grand Theft* and *Aggravated Assault with a Deadly Weapon*, on or about February 20, 2004; and

6. *Utter Forged Bills*, on or about March 5, 2007; and

7. *Possessing Forged Notes or Bills*, on or about June 2, 2008; and

8. *Uttering Counterfeit Obligations or Securities*, on or about July 5, 2011; and

9. *Passing or Uttering Counterfeit Federal Reserve Notes*, on or about April 15, 2014;

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Taurus firearm, a Masterpiece Arms firearm, Marlin firearm, and Ruger AR-556 firearm, and approximately 533 rounds of assorted ammunition.

It is further alleged that before the defendant committed the offense charged in this count, the defendant had at least three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## COUNT TWO

On or about July 12, 2022, in the Middle District of Florida, the defendant,

LOUIS MICHAEL PASQUAZZI,

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about July 12, 2022, in the Middle District of Florida, the defendant,

LOUIS MICHAEL PASQUAZZI,

2

did knowingly possess a firearm, to wit, a SCCY firearm, a Taurus firearm, a Masterpiece Arms firearm, a Marlin firearm, and a Ruger AR-556 firearm, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, specifically, possession with intent to distribute a controlled substance.

In violation of 18 U.S.C. § 924(c)(1)(A)(i).

## FORFEITURE

1.  The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.  Upon conviction of a violation of 18 U.S.C. §§ 922(g) and/or 924(c)(1)(A)(i), the defendant,

LOUIS MICHAEL PASQUAZZI,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.  Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant,

LOUIS MICHAEL PASQUAZZI,

shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

4.      The property to be forfeited includes, but is not limited to, the following: SCCY firearm (S/N 402744), Taurus G3 firearm (S/N ACL513480), Masterpiece Arms firearm (S/N FX30197), Marlin firearm (S/N 70274651), Ruger AR-556 firearm (S/N 855-63788), approximately 533 rounds of assorted ammunition.

5.      If any of the property described above, as a result of any act or omission of the defendant:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), directly and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Trenton J. Reichling
Assistant United States Attorney

By: _____
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
APR 1991

No. 2:23-cr-

# UNITED STATES DISTRICT COURT
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

LOUIS MICHAEL PASQUAZZI

## INDICTMENT

Violations:

18 U.S.C. §§ 922(g)(1), 924(e) and 924(c)(1)(A)(i)
21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

A true bill,

███████████
Foreperson

Filed in open court this 25th day

of January, 2023.

_____
Clerk

Bail $_____

GPO 863 525